IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| KESHA KAUFMAN,<br><br>Plaintiff,<br>vs.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>Defendant. | No. C15-3129-LTS<br><br>**MEMORANDUM OPINION AND<br>ORDER ON REPORT AND<br>RECOMMENDATION** |

## I.  INTRODUCTION

This case is before me on a Report and Recommendation (R&R) filed on May 13, 2016, by the Honorable C.J. Williams, United States Magistrate Judge. *See* Doc. No. 15. Judge Williams recommends that I reverse the decision by the Commissioner of Social Security (the Commissioner) and remand the case pursuant to sentence four of 42 U.S.C. § 405(g). Neither party has objected to Judge Williams' R&R.

## II.  APPLICABLE STANDARDS

### A.  *Judicial Review of the Commissioner's Decision*

The Commissioner's decision must be affirmed "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . ."). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis v. Barnhart*, 353 F.3d 642, 645 (8th Cir. 2003). The Eighth Circuit explains the standard as "something less than the weight of

the evidence and [that] allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994).

In determining whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the [Administrative Law Judge (ALJ)], but it [does] not re-weigh the evidence." *Wester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers both evidence which supports the Commissioner's decision and evidence that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010). The court must "search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citing *Cline v. Sullivan*, 939 F.2d 560, 564 (8th Cir. 1991)).

In evaluating the evidence in an appeal of a denial of benefits, the court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Human Servs.*, 879 F.2d 441, 444 (8th Cir. 1989). The court, however, does not "reweigh the evidence presented to the ALJ," *Baldwin*, 349 F.3d at 555 (citing *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995)), or "review the factual record de novo." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (citing *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994)). Instead, if after reviewing the evidence, the court finds it "possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's] denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008)). This is true even in cases where the court "might have weighed the evidence differently." *Culbertson*, 30 F.3d at 939 (quoting *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992)). The court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baker v.*

*Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

### B. Review of Report and Recommendation

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge

to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### III.  THE R&R

Kesha Kaufman applied for Social Security disability insurance benefits (DIB) and Supplemental Security Income benefits (SSI) under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401 *et seq*. (Act).  She alleged disability based upon mild degenerative disc disease, obesity, dysthymic disorder versus major depressive disorder, personality disorder, and generalized anxiety disorder.  After a hearing, an ALJ applied the familiar five-step evaluation and found that Kaufman could work jobs that exist in significant numbers in the national economy, making this a Step Five case.  In her complaint and brief before this court, Kaufman raised four arguments contending that the ALJ incorrectly determined that she was not disabled during the relevant period of time:

(1) The ALJ's residual functional capacity (RFC) assessment was flawed because he failed to properly evaluate the work-related limitations from treating physician, Dr. Maria Lozano;

(2) The ALJ failed to develop the record by ordering a consultative exam concerning Kaufman's current functioning;

(3) The ALJ failed to properly evaluate Kaufman's subjective allegations;

(4) The ALJ erred in relying on vocational expert (VE) testimony that conflicted with the Dictionary of Occupational Titles.

Doc. No. 12.

Judge Williams found that the ALJ's decision that Kaufman was not disabled was not supported by substantial evidence and, therefore, recommended that it be reversed and remanded.  Doc. No. 15.  Outlining the Social Security regulations and case law

concerning the evaluation of opinions from a treating medical source, Judge Williams explained:

> To be a "treating" source, a doctor must have an "ongoing treatment relationship" with the claimant. 20 C.F.R. § 404.1502. . . .
>
> An ALJ must give a treating source's opinion controlling weight when it is supported by acceptable clinical and laboratory diagnostic techniques and where it is "not inconsistent" with other substantial evidence in the record. *Casey v. Astrue*, 503 F.3d 687, 692 (8th Cir. 2007); *Wagner v. Astrue*, 499 F.3d 842, 850 (8th Cir. 2007); 20 C.F.R. § 404.1527(c)(2). SSR 96-2p provides some clarity:
>
>> [Not inconsistent] is a term used to indicate that a well-supported treating source medical opinion need not be supported directly by all the other evidence (i.e., it does not have to be consistent with all other evidence) as long as there is no other substantial evidence in the record that contradicts or conflicts with the opinion.
>
> SSR 96-2p. The "not inconsistent" standard presumes that the treating physician's opinion is predominant and requires the ALJ to search the record for inconsistent evidence in order to give the treating source's opinion less than controlling weight. Under the "consistent" standard, the opinion has controlling weight only if the record supports it. *Ynocencio v. Barnhart*, 300 F. Supp. 2d 646, 657 (N.D. Ill. 2004); *Samuel v. Barnhart*, 207 F. Supp. 2d 870, 885 (E.D. Wis. 2002); *Dominguese v. Massanari*, 172 F. Supp. 2d 1087, 1100 (E.D. Wis. 2001).

*Id.*, pp. 8, 11-12. Judge Williams reviewed the ALJ's evaluation of Dr. Lozano's treating medical opinion and determined:

> Dr. Lozano [] was the claimant's treating physician. . . . Dr. Lozano determined that claimant would be severely limited in a number of areas, and unable to remember work-like procedures, sustain an ordinary routine, make simple work-related decisions, complete a normal workday/workweek without interruptions from psychologically-based symptoms, or deal with normal work stress.

5

> The ALJ, however, determined Kaufman retained capacity to perform light work but was limited to the performance of simple routine, repetitive tasks, with no requirement to read or write reports, and she should not be required to perform math calculations. He determined she could read simple instructions and understand simple instructions. This is in direct conflict of Dr. Lozano's opinion that Kaufman would not be able to remember work-like procedures or follow an ordinary work routine.
>
> The ALJ relied on what he perceived to be Kaufman's ability to function day to day. He determined she only had slight limitation in her ability to perform activities of daily living, despite Dr. Lozano's opinion and treating notes, and the numerous notes from Dr. Porter regarding Kaufman's difficulty functioning day to day with her depression. The ALJ ignored this and determined she can perform unskilled working activity, except for limitations with reading, writing, and math. . . .
>
> [I]t is clear that Dr. Lozano's opinions are well-supported by the medical evidence in the record. . . . The ALJ should have given Dr. Lozano's opinion controlling weight.

*Id.*, pp. 8-9, 11. Judge Williams concluded:

> The medical evidence in the record overwhelmingly, if not entirely, supports Dr. Lozano's opinions on Kaufman's limitations. The other evidence is not inconsistent with Dr. Lozano's reports, and the only arguably inconsistent item—Dr. Seaton's suggestion of possible magnifying symptoms—is suspect given Kaufman's possible limited intellectual capacities. Dr. Lozano's work-related limitations are entitled to controlling weight here.
>
> Because the ALJ failed to give the treating expert medical opinion of Dr. Lozano its proper controlling weight, I recommend the Court remand this case for further proceedings at the Agency consistent with this Order. There is no need to examine plaintiff's further claims of error in this regard.

*Id..*, p. 13. Based on this resolution of Kaufman's first argument, Judge Williams found it unnecessary to address the remaining arguments. *Id.*, p. 14.

## IV.    DISCUSSION

Because the parties did not object to Judge Williams' R&R, I have reviewed it for clear error.  Judge Williams described and applied the appropriate legal standards for the evaluation of treating medical source opinions.  He then properly found that the ALJ failed to give the opinion of treating source Dr. Lozano controlling weight.  I find no error – clear or otherwise.  As such, I adopt the R&R in its entirety.

## V.    CONCLUSION

For the reasons set forth herein:

1. I **accept** United States Magistrate Judge Williams' May 13, 2016, report and recommendation (Doc. No. 15) without modification.  *See* 28 U.S.C. § 636(b)(1).

2. Pursuant to Judge Williams' recommendation:

   a. The Commissioner's determination that Kaufman was not disabled is **reversed** and this matter is **remanded** to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings as discussed by Judge Williams.

   b. Judgment shall enter in favor of Kaufman and against the Commissioner.

   c. If Plaintiff wishes to request an award of attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, an application may be filed up until 30 days after the judgment becomes "not appealable," i.e., 30 days after the 60-day time for appeal has ended. *See Shalala v. Schaefer*, 509 U.S. 292, 296 (1993); 28 U.S.C. §§ 2412(d)(1)(B), (d)(2)(G).

**IT IS SO ORDERED.**

**DATED** this 16th day of June, 2016.

                                            _____
                                            LEONARD T. STRAND
                                            UNITED STATES DISTRICT JUDGE